Judge: Marc Barreca
Chapter: 13
Hearing Date: January 30, 2019
Hearing Time: 9:00 am
Hearing Location: Everett Station
Weyerhaeuser Room, 4th Floor
3201 Smith Avenue
Everett, WA 98201

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

FERNANDO ANATOLIO SOBERANIS AND
CARLENE RODRIGUES MASCARENHAS,

Debtors.

IN CHAPTER 13 PROCEEDING
NO. 18-14240

TRUSTEE'S OBJECTION TO CONFIRMATION

The Trustee objects to confirmation of the debtors' plan, filed December 26, 2018 (ECF No. 21) as follows:

The debtors have failed to make plan payments and are delinquent $1,239.50.

The debtors filed this case on October 31, 2018 (ECF No. 1). The debtors filed a plan on November 15, 2018 (ECF No. 13). The debtors subsequently filed an amended plan on December 26, 2018 (ECF No. 21). 1) The above delinquency includes the debtors' December payment, which came due December 31, 2018. There is now a wage deduction in place. Provided the debtors do not become further delinquent on plan payments, this may not be an issue. 2) The debtors' amended plan (ECF No. 21) moved the claim of Wells Fargo related to the Yukon Truck from Section IV.C.3.a to Section IV.C.3.b, and also changed the proposed interest rate from "contract" to 5%. Wells Fargo has not yet filed a proof of claim in this case. Without the claim the Trustee cannot determine whether these changes result in negative treatment to this creditor. If the amendments do result in negative changes to Wells Fargo, the debtors should note and serve their amended plan. 3) The debtors' amended plan (ECF No. 21) provides for monthly payments to Wells Fargo for the Yukon Truck in Section IV.C.3.b in the amount of $1,200. The debtors testified at the § 341 Meeting of Creditors that the monthly contract payment on that loan is $902. The debtors cannot accelerate their payments to the secured creditors at the expense of his unsecured creditors. In re Pearson, 398 B.R. 97, 103 (Bankr. M.D.Ga. 2008) (noting that the "accelerated payment [to secured creditors]

TRUSTEE'S OBJECTION TO CONFIRMATION - 1

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

CM161
EAJ

Case 18-14240-MLB    Doc 23    Filed 01/02/19    Ent. 01/02/19 17:38:15    Pg. 1 of 3

benefits Debtors to the unfair detriment of their unsecured creditors" and that "Debtors are not sincerely making their best efforts to pay their debts"). The debtors should amend the plan so that the periodic payment to Wells Fargo is not more than the contract payment.  4) The amended plan (ECF No. 21) states in the last sentence of Section X: "Car payments to Flagstar Bank in Section IV.C.3.a may survive the plan." The debtors' plan does not include any claim of Flagstar Bank. Presumably the debtors meant to refer to creditor Regional Acceptance in that section. The debtors should amend Section X to reflect the correct creditor. They should also make this provision its own separately numbered item within Section X.  5) The debtors testified at the § 341 Meeting of Creditors that they have a 401K loan which will be repaid in approximately 4 years. The debtors need to provide the Trustee with documentation showing the current loan balance and the date when the loan(s) will be paid in full. If the retirement loan(s) will be paid off prior to the expiration of the debtors' applicable commitment period, the debtors need to amend their plan to provide for a corresponding increase in plan payments when the loans are paid off. Once a debtor repays a retirement loan, the income previously used to repay that loan must be used to pay unsecured creditors.  Egebjerg v. Anderson (In re Egebjerg), 574 F.3d 1045, 1050-51 (9th Cir. 2009) ("'because, as here, 401(k) loans might be paid off within the commitment period of a Chapter 13 case, the ability to increase the monthly plan payment would direct newly available funds to creditors'") (quoting In re Lenton, 358 B.R. 651, 660 (Bankr. E.D.Penn. 2006)); Nowlin v. Peake (In re Nowlin), 576 F.3d 258, 267 (5th Cir. 2009); McCarty v. Lasowski (In re Lasowski), 575 F.3d 815, 820 (8th Cir. 2009); Seafort v. Burden (In re Seafort), 669 F.3d 662, 674 (6th Cir. 2012); In re McCullers, 451 B.R. 498, 500 (Bankr. N.D.Ca. 2011); In re Afko, 501 B.R. 202, 207 (Bankr. S.D.N.Y. 2013) ("Repayment of the 401(k) loan is a known or virtually certain change in circumstances under Lanning").  The Trustee reserves the right to assert additional bases to this Objection.

THE TRUSTEE REQUESTS:

That the Court enter an order denying confirmation of the debtors' plan, and setting deadlines for filing and noting a feasible amended plan.

TRUSTEE'S OBJECTION TO CONFIRMATION - 2

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

Case 18-14240-MLB    Doc 23    Filed 01/02/19    Ent. 01/02/19 17:38:15    Pg. 2 of 3

Dated: January 02, 2019

/s/ Jason Wilson-Aguilar
_____
Jason Wilson-Aguilar, WSBA #33582
Chapter 13 Trustee

TRUSTEE'S OBJECTION TO CONFIRMATION - 3

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282

Case 18-14240-MLB    Doc 23    Filed 01/02/19    Ent. 01/02/19 17:38:15    Pg. 3 of 3